TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for defendant
Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| GINO PASQUALE,<br><br>    Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a corporation, and DOES 1 THROUGH 10, inclusive,<br><br>    Defendant(s). | CASE NO.: CV 12-5960 PSG<br><br>**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL** |

I, Carmelita Ong, declare as follows:

    I am over the age of 18 years and not a party to this action.

    I am employed by the firm of Simmonds & Narita LLP, counsel of record for defendant Midland Credit Management, Inc. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104, which is located in the city and county where the mailing described below took place.

    On November 27, 2012, I deposited in the United States Mail at San Francisco, California, a copy of the Notice to Adverse Party of Removal dated November 27, 2012, a copy of which is attached to this Certificate, to be delivered to the addresses below:

Samuel Henderson
Henderson Consumer Law
2182 El Camino Real, Suite 202
Oceanside, CA 92054
Counsel for Plaintiff

    I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of November, 2012.

_____
Sally Koo

```
 1  TOMIO B. NARITA (SBN 156576)
    tnarita@snllp.com
 2  LINDSEY A. MORGAN (SBN 274214)
    lmorgan@snllp.com
 3  SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
 4  San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
 5  Facsimile:  (415) 352-2625

 6
    Attorneys for defendant
 7  Midland Credit Management, Inc.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA, DOWNTOWN DIVISION

LIMITED JURISDICTION

| | |
|---|---|
| GINO PASQUALE, | CASE NO.: 112CV234543 |
| Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL** |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., a corporation, and DOES 1 THROUGH 10, inclusive, | |
| Defendant(s). | |

PASQUALE V. MIDLAND CREDIT MANAGEMENT, INC. (CASE NO.112CV234543 )
NOTICE TO ADVERSE PARTY OF REMOVAL

1  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that a Notice of Removal of this action was filed
3  in the United States District Court for the Northern District of California on
4  November 21, 2012 under Federal Court case number CV 12-5960 PSG.  A copy of
5  the Notice of Removal is attached hereto as **Exhibit 1** and is served and filed
6  herewith.

7

8  DATED: November 27, 2012        SIMMONDS & NARITA LLP
                                          TOMIO B. NARITA
9                                                LINDSEY A. MORGAN

By: _____
Lindsey A. Morgan
Attorneys for defendant
Midland Credit Management, Inc.

---

PASQUALE V. MIDLAND CREDIT MANAGEMENT, INC. (CASE NO.112CV234543 )
NOTICE TO ADVERSE PARTY OF REMOVAL                                         1

EXHIBIT 1

1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  LINDSEY A. MORGAN (SBN 274214)
   lmorgan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for defendant
7  Midland Credit Management, Inc.

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE COURTHOUSE

12

13 GINO PASQUALE,              )  CASE NO.:
                               )  CV 12-5960 PSG
14           Plaintiff,         )
                               )  NOTICE OF REMOVAL
15                             )
                               )
16     vs.                     )
                               )
17 MIDLAND CREDIT              )
   MANAGEMENT, INC., a         )
18 corporation, and DOES 1 THROUGH )
   10, inclusive,               )
19                             )
                               )
20           Defendant(s).      )
                               )
21 _____ )

22

23

24

25

26

27

28

PASQUALE V. MIDLAND CREDIT MANAGEMENT, INC. (CASE NO. )
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Midland Credit Management, Inc. ("Defendant"), a Delaware Corporation, hereby removes to this Court the state court action described below.

1. On October 18, 2012, a complaint was filed against Defendant by plaintiff Gino Pasquale ("Plaintiff"), in an action pending in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Gino Pasquale v. Midland Credit Management, Inc.*, Case No. 112 CV 234543. A copy of the state court Summons and Complaint and the Civil Case Cover Sheet (collectively, "Complaint") that was served on Defendant is attached hereto as **Exhibit A**.

2. This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served on October 22, 2012.

## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts claims against Defendant allegedly arising under 15 U.S.C. § 1681 *et seq.* (the "Fair Credit Reporting Act"). *See* Exhibit A, Complaint, ¶¶ 1-3, 8.

4. As the Complaint was filed in the Superior Court of the State of California, County of Santa Clara, venue in this District is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(a) (Northern District comprises, *inter alia*, the county of Santa Clara).

5. Defendant is represented by the undersigned.

//
//

1  DATED: November 21, 2012     SIMMONDS & NARITA LLP
2                                MICHAEL R. SIMMONDS
                                 LINDSEY A. MORGAN
3
4                                By: _____
5                                    Lindsey A. Morgan
                                     Attorneys for defendant
6                                    Midland Credit Management, Inc.

PASQUALE V. MIDLAND CREDIT MANAGEMENT, INC. (CASE NO.)
NOTICE OF REMOVAL                                                    2

EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIDLAND CREDIT MANAGEMENT, INC AND DOES 1-10,
a corporation                    6th
                          Through   inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GINO PASQUALE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

(ENDORSED)
FILED
OCT 18 2012

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ S. Smith _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA

CASE NUMBER: *(Número del Caso):* 1-12-CV234543

COUNTY OF SANTA CLARA, DOWNTOWN SUPERIOR COURT
191 NORTH FIRST STREET SAN JOSE, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel Henderson, 2182 El Camino Real Suite 202 Oceanside, CA 92054; (760) 575-4594

DATE: OCT 18 2012                    Clerk, by DAVID H. YAMASAKI  S. Smith , Deputy
*(Fecha)*                             *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* MIDLAND CREDIT MANAGEMENT, INC
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10-22-12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Samuel Henderson (SBN 279717)<br>Henderson Consumer Law<br>2182 El Camino Real Suite 202<br>Oceanside, CA 92054<br>TELEPHONE NO.: (760) 575-4594  FAX NO.: (760) 688-3732<br>ATTORNEY FOR (Name): Gino Pasquale | (ENDORSED)<br>**FILED**<br>OCT 18 2012<br>DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY _____ S. Smith, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Gino Pasquale v. Midland Credit Management, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 112CV234543<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action (specify): 4: FCRA, CCRAA violations
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/11/12

Samuel Henderson
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (not asbestos or toxic/environmental) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

1 | Samuel Henderson (SBN: 279717)
2 | 2182 El Camino Real, Suite 202
  | Oceanside, CA, 92054
  | (760) 575-4594
3 | (760) 688-3732
  | henderson@hendersonconsumerlaw.com
4 |
5 | Attorney for Plaintiff,
  | Gino Pasquale

**(ENDORSED) FILED**
OCT 18 2012

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
S. Smith

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA, DOWNTOWN DIVISION

**112CV234543**

PASQUALE, GINO )
      Plaintiff, )   LIMITED CIVIL CASE
) 
vs. )   COMPLAINT FOR:
)
MIDLAND CREDIT MANAGEMENT, INC, a )   • VIOLATIONS OF THE FCRA
corporation, and DOES 1 THROUGH 10, )   • VIOLATIONS OF THE CCRAA
inclusive. )
) DEMAND OF LESS THAN $10,000
      Defendant(s). )
)

///
///
///
///
///
///
///
///

1
COMPLAINT

Plaintiff Gino Pasquale ("Plaintiff") alleges against Defendant Midland Credit Management, Inc. ("MCM") and DOES 1 through 10 (collectively, "Defendants") as follows:

1. Plaintiff is an individual consumer and is, at all times mentioned in this Complaint, a resident of Santa Clara County, California.

2. Defendant MCM is a Kansas corporation and is located at 3111 Camino Del Rio North, Suite 1300, San Diego California 92108.

3. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

4. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-Defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

5. At all relevant times, Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agency Act ("CCRAA").

6. At all relevant times Plaintiff's file is considered a consumer report under the FCRA and a consumer credit report under the CCRAA.

7. This action has been commenced in the proper Court and Judicial District because Defendants engage in business here, the Plaintiff resides here, and the liability was incurred here.

## BACKGROUND

8. Plaintiff, on or around, June 30, 2012, received a copy of his consumer credit report from the Credit Reporting Agency TransUnion, LLC.

9. Plaintiff is informed and believes and based thereon alleges that on January 19, 2012 Defendant MCM knowingly and willfully obtained access to and data from plaintiff's file. The allegedly permissible purpose was listed as "COLLECTION".

10. On information and belief, and on that basis Plaintiff alleges that Defendant MCM and Transunion, LLC, had an agreement that allowed MCM access to credit report data for the purposes of debt collection.

11. Plaintiff, on or around August 3, 2012, contacted MCM in order to determine what alleged account they had that would allow them to obtain Plaintiff's credit report. MCM's agent was unable to locate any information on the Plaintiff.

12. Concerned with his privacy and MCM's lack of information, Plaintiff contacted Samuel Henderson, Plaintiff's counsel in this case, and asked Mr. Henderson to investigate.

13. Plaintiff's counsel sent MCM a letter on or around August 20, 2012 inquiring about MCM's permissible purpose in pulling Plaintiff's credit report. MCM responded on or around August 24, 2012 and claimed a permissible purpose under section 604(a)(3)(e). MCM claimed the pull was done as part of a "potential investment".

14. Finding the above information inadequate to determine whether there was a permissible purpose, Plaintiff's counsel again sent MCM a letter on or around August 27, 2012 requiring further information such as the alleged assignor or account information. MCM replied claiming they did not have enough information on Plaintiff to properly search their files.

15. In response to MCM's second letter, Plaintiff's counsel sent a third letter which contained all the previously disclosed information that allowed MCM to state they pulled due to a "potential investment". On or around September 12, 2012, MCM replied and claimed that it was for a "review or collection" on behalf of an affiliate "Current Owner."

16. Because of the conflicting reasons given, Plaintiff was unable to discover any permissible purpose. In order to thoroughly try to exhaust all possibilities, Plaintiff's counsel called MCM and spoke with an agent on multiple occasions. Plaintiff's counsel provided Plaintiff's full social security number as the MCM agent claimed they could only search using the full number.

3
COMPLAINT

1 MCM's agent was once again unable to show that MCM had any account of Plaintiff's, or had invested in or was considering in investing in any account of Plaintiff's.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et seq.

17. Plaintiff realleges and incorporates the foregoing paragraphs as were set forth at length herein.

18. At all times pertinent hereto MCM was a "person" as that term defined by 15 U.S.C. § 1681a(b).

19. MCM violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on users of information pursuant to 15 U.S.C. §1681b.

20. As a result of Defendant's violations, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCY ACT, CIVIL CODE §1785 et seq

21. Plaintiff realleges and incorporating the foregoing paragraphs as were set forth at length herein.

22. Defendant violated the Civ. Code §1785.11 and §1785.19 by negligently and willfully gaining access to Plaintiff's consumer credit report or the data that it contained when they did not have a permissible purpose as defined by the statute.

23. Upon information and belief, Defendant violated Civ. Code §1785.11 and §1785.19(a)(3) by using the data obtained in a manner contrary to Defendant's agreement with TransUnion.

24. As a result of these violations, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Actual damages in an amount to be determined at trial;

2. Statutory damages in the amount of $1,000.00 for violations of the Fair Credit Reporting Act in accordance with 15 U.S.C. §1681n.

3. Statutory damages in the amount of $2,500.00 for violations of the California Consumer Credit Reporting Agency Act in accordance with Civ. Code §1785.19 for impermissibly accessing Plaintiff's consumer report and data.

4. Statutory damages in the amount of $2,500.00 for violations of the California Consumer Credit Reporting Agency Act in accordance with Civ. Code §1785.19(a)(3) for using data obtained in a manner contrary to Defendant's agreement with the Credit Reporting Agency.

5. Interest, if applicable;

6. Attorney's fees;

7. Costs; and,

8. Any other and further relief that the court considers proper.

Dated: 10/12/2012

Respectfully submitted,

By /s/
Samuel Henderson
*Attorney for Plaintiff*
Gino Pasquale

5
COMPLAINT

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **NOTICE TO ADVERSE PARTY OF REMOVAL**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Samuel Henderson
Henderson Consumer Law
2182 El Camino Real, Suite 202
Oceanside, CA 92054
Counsel for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of November, 2012.

_Sally Koo_ (signature)
Sally Koo