1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  LINDSEY A. MORGAN (SBN 274214)
   lmorgan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for defendant
7  Midland Credit Management, Inc.

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE COURTHOUSE

12

13  GINO PASQUALE,                )   CASE NO.  CV 12-5960 PSG
                                  )
14                                )
                                  )
15         Plaintiff,              )   **ANSWER TO COMPLAINT**
                                  )
16     vs.                         )
                                  )
17                                )
                                  )
18  MIDLAND CREDIT                )
    MANAGEMENT, INC., a           )
19  corporation, and DOES 1 THROUGH )
    10, inclusive,                )
20                                )
           Defendants.             )
21  ─────────────────────────────  )

Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff GINO PASQUALE ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis denies that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a resident of Santa Clara County, California. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that it is a Kansas corporation with a place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant avers that no response is required of it.

4. In answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies them.

5. In answering Paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis denies that Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agency Act ("CCRAA").

6. In answering Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's

1  financial obligation was incurred primarily for personal, family or household
2  purposes and on that basis denies that Plaintiff is a "consumer" or that Plaintiff's file
3  is a "consumer report" as defined by the Fair Credit Reporting Act ("FCRA") and a
4  "consumer credit report" as defined by the California Consumer Credit Reporting
5  Agency Act ("CCRAA").
6        7.     In answering Paragraph 7 of the Complaint, Defendant admits that
7  Plaintiff alleges this action has been commenced in the proper court and judicial
8  district.  Except as herein admitted, the remaining allegations of Paragraph 7 are
9  denied.
10       8.     In answering Paragraph 8 of the Complaint, Defendant lacks knowledge
11 or information sufficient to form a belief as to the truth of the allegation that Plaintiff
12 received a copy of his consumer credit report from TransUnion LLC on or about June
13 30, 2012, and on that basis denies the allegation.  Except as herein admitted, the
14 remaining allegations of Paragraph 8 are denied.
15       9.     In answering Paragraph 9 of the Complaint, Defendant lacks knowledge
16 or information sufficient to form a belief as to the truth of the allegation that
17 Defendant obtained access to and data from Plaintiff's file on January 19, 2012.
18 Defendant avers that to the extent that obtains consumer report information on any
19 consumer, it has a permissible purpose to do so.  Except as herein admitted, the
20 remaining allegations of Paragraph 9 are denied.
21       10.    In answering Paragraph 10 of the Complaint, Defendant avers that the
22 contents of any agreements between TransUnion, LLC and Defendant are self-
23 explanatory.  Except as herein admitted, the remaining allegations of Paragraph 10
24 are denied.
25       11.    In answering Paragraph 11 of the Complaint, Defendant lacks
26 knowledge or information sufficient to form a belief as to the truth of the allegations,
27 and on that basis denies them.  Except as herein admitted, the remaining allegations
28 of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

13. In answering Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegation.

14. In answering Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

15. In answering Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

16. In answering Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

17. Defendant incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Defendant incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Reasonable Procedures)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

### SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

### EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of

Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.

WHEREFORE, Defendant requests judgment as follows:

1.  That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2.  That Defendant recover from Plaintiff costs according to proof.
3.  That Defendant recover attorneys' fees according to proof.

1    4.   That the Court order such other further reasonable relief as the Court may
2 deem just and proper.

4 DATED: November 28, 2012        SIMMONDS & NARITA LLP
                                  TOMIO B. NARITA
5                                 LINDSEY A. MORGAN

7                                 By:  s/Lindsey A. Morgan
                                       Lindsey A. Morgan
                                       Attorneys for Defendant
8                                      Midland Credit Management, Inc.