1  Samuel Henderson (SBN: 279717)
   2182 El Camino Real, Suite 202
2  Oceanside, CA, 92054
   (760) 575-4594
3  (760) 688-3732
   henderson@hendersonconsumerlaw.com
4

5  Attorney for Plaintiff, Gino Pasquale

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE COURTHOUSE**

11 GINO PASQUALE,                    )  CASE NO:  CV 12-5960 PSG
                                     )
12           Plaintiff,              )  JOINT CASE MANAGEMENT
                                     )  STATEMENT, RULE 26(F) REPORT  &
13      vs.                          )  [PROPOSED] ORDER
                                     )
14                                   )
   MIDLAND CREDIT MANAGEMENT, INC.,  )  Date:    January 8, 2012
15 a corporation, and DOES 1 THROUGH 10, )  Time:    2:00 p.m.
16 inclusive,                        )  Dept:    _5, 4th Floor
                                     )  Before:  Honorable Paul S. Grewal
17           Defendant(s).           )
                                     )
18                                   )
                                     )
19 _____  )

20

21

22       The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

23 STATEMENT, RULE 26(F) REPORT & PROPOSED ORDER pursuant to the Standing Order for

24 All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

25       Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on December 27,

26 2012 between Samuel Henderson, from Henderson Consumer Law, counsel for Plaintiff Gino

27 Pasquale ("Plaintiff") and Lindsey Morgan, from Simmons and Narita, LLP, counsel for Defendant

28

Midland Credit Management, Inc. ("Defendant").  The parties, Plaintiff and Defendant, by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, scheduled for January 8, 2013 at 2:00 p.m., in Courtroom 5, 280 South First Street, San Jose, California.

**1.  Jurisdiction and Service**

  **Plaintiff:**  All known defendants have been served.

  **Defendant:** Defendant submits that subject matter jurisdiction exists because Plaintiff has alleged claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*  Defendant is unaware of any issues regarding personal jurisdiction, venue, or service.

**2.  Facts**

  **a.**  **Plaintiff's Description of the Case and Factual Issues**

  On or around June 30, 2012, Plaintiff received a copy of his consumer credit report. Plaintiff's copy showed that on or around January 19, 2012 Defendant obtained a consumer report about Plaintiff from the Credit Reporting Agency TransUnion, LLC.  Plaintiff contacted Defendant multiple times to determine what permissible purpose Defendant had but although claiming different permissible purposes, Defendant was unable to provide Plaintiff with any facts to determine whether the claimed permissible purpose was valid.  Defendant has claimed that the permissible purpose was for debt collection but was unable to identify any creditor or account. Defendant also claimed a permissible purpose of investment purposes but was unable to identify any creditor or portfolio Defendant was allegedly reviewing for a potential investment.  Plaintiff also contends that Defendant was untruthful in their interactions with Plaintiff and TransUnion, LLC. in that Defendant identified the permissible purpose as debt collection on the credit report but yet told Plaintiff that the permissible purpose was for investment.

1

      **b.**      **Defendant's Description of the Case**

2          Defendant has filed an Answer to the Complaint which denies all of the material allegations

3 and which asserts various affirmative defenses. Defendant denies that it obtained Plaintiff's credit

4 report for an impermissible purpose.

5      **c.**      **Factual Issues**

6          **Plaintiff:**

7          1.  Did Defendant request a copy of Plaintiff's credit report;

8          2.  What was the purpose for Defendant's request of Plaintiff's credit report;

9          3.  What agreement did Defendant have with TransUnion, LLC;

10          4.  Was Defendant was untruthful with TransUnion, LLC or Plaintiff;

11          5.  The amount of Plaintiff's damages, if any.

12          **Defendant:**

13          1.  Whether Defendant obtained Plaintiff's consumer report, and if so, whether it had a

14               permissible purpose to do so;

15          2.  Whether Plaintiff suffered any damages and if so the amount of Plaintiff's damages.

16 **3. Legal Issues**

17      **a.**      **Plaintiff's Statement of Legal Issues**

18          Plaintiff alleges that the primary legal issue of this case is whether Defendant had a

19 permissible purpose as defined by 15 U.S.C. § 1681b of the Fair Credit Reporting Act ("FCRA")

20 and Cal. Civ. Code § 1785.11 ("CCRAA"). Plaintiff alleges that a secondary legal issue is

21 Defendant's inconsistent statements regarding their permissible purpose as to both Plaintiff and to

22 Credit Reporting Agencies.

23 **4. Motions**

24          There are no motions pending in this action.

25          Defendant intends to file a dispositive motion after conducting discovery.

26

27

28

**5.  Amendment of Pleadings**

Plaintiff intends to amend the complaint to allege a new impermissible pull.   All amendments will be completed by June 30, 2013.

Defendant requests that the Court set a deadline of January 31, 2013 for any amendments to the pleadings.  Defendant does not currently anticipate amending any pleadings.

**6.  Evidence Preservation**

Both parties certify that they have read and are familiar with the ESI Guidelines for the Northern District of California.  During the conference on December 27, 2012, counsel discussed:

**a.      Plaintiff's Statement:**

Plaintiff respectfully submits that the vast majority of evidence relevant to this case rests within the possession, custody and control of the Defendant.  Such evidence would be comprised of credit pull records, credit manuals, investment protocol manuals, consumer correspondence records and any other documents relating to Defendant's use of credit pulls for any purpose and any documents relating to Plaintiff.

**b.      Defendant's Statement:**

Defendant will maintain all ESI consistent with the Federal Rules of Civil Procedure.

**7.  Disclosures**

Both parties will complete the required disclosures by January 10, 2013.

**8.  Discovery**

**a.      Initial Disclosures**

No formal discovery has taken place.  The parties have agreed to complete the required disclosures by January 10, 2013, pursuant to the FRCP.

**b.      Subjects On Which Discovery May Be Needed**

**Plaintiff:**

　　　　1.   Defendant's procedures and policies for credit report pulling;

　　　　2.   Defendant's investment policies regarding credit pulls;

　　　　3.   Defendant's alleged permissible purpose for pulling Plaintiff's credit report.

4.  Defendant's contract with TransUnion, LLC and communications between them relating to this case;.

5.  Any facts relating to Defendant's affirmative defenses.

**Defendant:**

1.  Whether Defendant obtained Plaintiff's consumer report and if so whether it had a permissible purpose to do so;

2.  Whether Plaintiff suffered any damages and if so the amount of Plaintiff's damages.

**c.      Production Protocol**

The parties will "Bates stamp" any document that they produce in discovery with a recognizable prefix to be attached to the unique identifying number.

**d.      Privilege Log**

The parties will comply with FED. R. CIV. PROC. 26(b)(5).

**e.      Document Retention**

The parties stipulate that during the pendency of this litigation, they will preserve and maintain all documents relevant to this action, or reasonably calculated to lead to discovery of admissible evidence.   This obligation shall preclude Plaintiff and Defendant from altering, interlining, destroying, purging, permitting the destruction of, or in any other fashion changing, any document in the actual or constructive care, custody or control of such party.

**f.      Other**

The parties do not recommend the issuance of any other orders at this time.

**h.      Discovery Schedule**

The parties will comply with the limitations of discovery imposed by the Federal Rules of Civil Procedure.

**9.  Class Actions**

This is not a class action.

**10.  Related Cases**

There are no related cases.

**11.  Relief**

     **a.  Plaintiff's Request for Relief**

          **1.**  Statutory damages of $1,000.00 per violation of the FCRA for impermissibly pulling Plaintiff's credit report.

          **2.**  Statutory damages of $2,500.00 for violating the CCRAA for impermissibly pulling Plaintiff's credit report.

          **3.**  Statutory damages of $2,500.00 for violating the CCRAA for using data obtained in a manner contrary to Defendant's agreement with TransUnion, LLC.

          **4.**  Actual damages of $10.00.

          **5.**  Costs.

          **6.**  Attorney's fees.

     **b.  Defendant's Statement**

          Defendant denies that Plaintiff is entitled to any damages whatsoever.  Defendant reserves the right to seek recovery of its costs and attorneys' fees as permitted by law.

**12.  Settlement and ADR**

          The parties have complied with ADR L.R. 3-5 and filed the required ADR certification documents.  The parties agree to the mediation option.  The parties have not engaged in meaningful settlement negotiations at this time, but intend to do so after initial disclosures have been completed and counsel have a better factual understanding of the case.

**13.  Consent to Magistrate Judge For all Purposes**

     __X__ YES ____ NO

**14.  Other References**

          No other references known at this time.

**15.  Narrowing of Issues**

Parties will attempt to narrow issues through Requests for Admission and stipulated facts at a later time.  At this time no issues can be narrowed.

**16.  Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.  Scheduling**

| | |
|---|---|
| Designation of Experts: | August 16, 2013 |
| Discovery Cut-off Date: | September 27 , 2013 |
| Motion Cutoff Date: | November 8, 2013 |
| Final Pre-Trial Conference: | March 7, 2014 |
| Trial: | April 11,, 2014 |

**18.  Trial**

Plaintiff expects the appropriate issues in this case to be tried to a jury and estimates the length of trial to be 2-3 days.  Defendant anticipates the case can be tried in 2 days.

**19.  Disclosure of Non-party Interested Entities or Persons**

**a.    Plaintiffs' Statement:**

Each party has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. In addition, Plaintiffs hereby acknowledge that no parties other than themselves- is known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or, (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**b.    Defendant's Statement**

Defendant has filed its Certification of Interested Entities or Persons, identifying Encore Capital Group, Inc. as its parent company.  Defendant has no additional identifications to make at this time.

**20. Other**

The parties are not presently aware of any other relevant matters.

| Dated: December 28, 2012 | By: /S/ Samuel Henderson |
| --- | --- |
| | Samuel Henderson<br>Henderson Consumer Law<br>Counsel for plaintiff Gino Pasquale<br>*Authorized December 27, 2012* |
| Dated:  December 28, 2012 | By: /S/ Lindsey Morgan |
| | Lindsey Morgan<br>Simmonds & Narita, LLP<br>Counsel for defendant Midland Credit Management, Inc. |

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.
Dated:

_____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] & RULE 26(F) REPORT [CASE NO. CV 12-5960 PSG]